IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| WILLIAM J. AXSOM, II, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-830-A |
| | § | |
| ERIC D. WILSON, WARDEN, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the application of William J. Axsom, II, for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court, having considered the application, the response of Eric D. Wilson, Warden, the reply, the record, and applicable authorities, finds that the application must be dismissed for want of jurisdiction.

I.

Ground of the Application

On October 9, 2018, applicant filed a document titled "Memorandum of Law in Support of § 2241 Petition for Writ of Habeas Corpus with Points and Authorities," by which he initiated this action. The "Overview" section of the document identifies the ground for relief as follows:

> Petitioner presses an actual, factual innocence claim contending that the recent holdings of the Supreme Court in Esquivel-Quintana v. Sessions, 198 L.

Ed. 2d 22 (2017), which held that the generic federal definition of "sexual abuse of a minor" requires the age of the victim to be less than 16, announced a new substantive rule that alters the range of conduct associated with 18 U.S.C. §§ 2252 and 2256. Petitioner further contends that under the rationale of the Esquivel-Quintana Court, as applied by other courts since, there becomes a logical application such that 18 U.S.C. §§ 2252(a)(2)-Possession of Child Pornography, and 2252(a)(4)(B)-Distribution of Child Pornography, are analogous to the statute at odds in Esquivel-Quintana, 18 U.S.C. §§ 1101(a)(43)(A)-Immigration and Nationality General Provisions, and 3509-Definition of Sexual Abuse of a Minor, providing the presumptive effect of changing the age requirement of § 2252(a) to 16, the federal age of consent. This change now demonstrates Petitioner may have been convicted of a non-existent offense, of which he was in fact actually/factually innocent even before this watershed decision.

Doc.[1] 1 at 1-2.

II.

Background

On September 8, 2010, applicant was named in a two-count indictment in the United States District Court for the Eastern District of Arkansas charging him in Count 1 with distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and in Count 2 with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Doc. 14 at 9, 19. On May 3, 2012, he was found guilty by a jury as to both counts. Id. at 7. Applicant had a prior federal conviction for trafficking in material involving

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

the sexual exploitation of children, in violation of 18 U.S.C. § 2252(a)(1). Id. at 19. Therefore, he faced a statutory mandatory minimum sentence of 180 months as to Count 1 and 120 months as to Count 2. Id. His guideline range was 188-235 months, but the district court granted a downward departure and sentenced applicant to 180 months' imprisonment. Id. at 20. Applicant appealed and his conviction was affirmed by the United States Court of Appeals for the Eighth Circuit. Id. at 18-25. The United States Supreme Court denied his petition for writ of certiorari. Id. at 5, dkt. 115.

On February 23, 2016, applicant filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. Doc. 14 at 4, dkt. 117. The motion was denied. Id. at 3, dkt. 151. Applicant appealed and the ruling was affirmed and certificate of appealability denied. Id. at 3, dkt. 172; id. at 60; id. at 64.

III.

Applicable Legal Principles

An application for writ of habeas corpus under 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 serve distinct purposes. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is used to challenge errors that occurred during or before sentencing. Id.; Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir. 1997). Section 2241 is

3

a means of attacking the manner in which a sentence is executed. Pack, 218 F.3d at 451; Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 application that challenges the validity of a conviction and sentence is ordinarily dismissed or construed as a § 2255 motion. Pack, 218 F.3d at 452.

A federal prisoner may challenge the legality of his detention under § 2241 if he falls within the "savings clause" of § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Hence, the court may consider a petition attacking a sentence under § 2241 "*if* the petitioner establishes that the remedy under § 2255 is inadequate or ineffective." Tolliver, 211 F.3d at 878 (emphasis in original).

The bar against filing successive § 2255 motions does not render § 2255 inadequate or ineffective so as to allow a petitioner to invoke the savings clause of § 2255. Tolliver, 211 F.3d at 878. Nor does the time bar, the one-year limitations period, for filing such motions. Pack, 218 F.3d at 452. Instead,

4

the savings clause of § 2255 applies only to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). The first prong is generally considered the "actual innocence" requirement. Id.

When an applicant cannot satisfy the savings clause, the proper disposition is dismissal of the § 2241 application for want of jurisdiction. Christopher v. Miles, 342 F.3d 378, 379, 385 (5th Cir. 2003); Lang v. Wilson, No. 4:16-CV-1018-O, 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018).

IV.

Analysis

Relying on Esquivel-Quintana v. Sessions, 137 S. Ct. 1562 (2017), applicant argues that he is actually innocent of the crimes of his conviction, because the victims were required to be under 16, rather than 18, years of age. But Esquivel-Quintana has no application here. In that case, the question was whether an alien's prior statutory rape conviction qualified as "sexual abuse of a minor" under the aggravated felony provisions of 8

5

U.S.C. § 1101(a)(43), thereby making him removable under the Immigration and Nationality Act ("INA"). The INA does not expressly define "sexual abuse of a minor," so the court had to engage in statutory construction. Esquivel-Quintana, 137 S. Ct. at 1567-68. For purposes of the INA, the Supreme Court determined that for a statutory rape offense to qualify as sexual abuse of a minor, the victim must be younger than 16. Id. at 1570.

In applicant's case, the operative statute is 18 U.S.C. § 2252 and the term "minor" as used therein is defined in 18 U.S.C. § 2256(1) as "any person under the age of eighteen years." There is no need to engage in statutory construction and Esquivel-Quintana does not apply.

V.

Order

The court ORDERS that applicant's application under 28 U.S.C. § 2241 be, and is hereby, dismissed for lack of jurisdiction.

SIGNED January 7, 2019.

JOHN McBRYDE
United States District Judge